UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cornelius Patterson, Jr.,                       Case No. 3:21-cv-2210

        Plaintiff,

     v.                                                      ORDER

Annette Chambers-Smith, *et al.*,

        Defendants.

Plaintiff Cornelius Patterson, Jr., who is proceeding *pro se*, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 20). Patterson argues I erred by dismissing his complaint and denying his motion for leave to amend his complaint.

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Patterson claims I erred by rejecting his proposed amended complaint as futile, because "the amended complaint place[d] the defendant on notice and plead facts of municipality liability against defendant [Chambers] Smith that would survive the defendant[s'] motion to dismiss." (Doc. No. 20 at 6). He argues he is entitled to pursue a claim against Chambers Smith based upon his allegation that Chambers Smith "acted with deliberate indifference [by] failing to train her employees upon the policy of ODRC or failed to provide her employee with training policy within ODRC." (*Id.* at 3).

Patterson's argument is not persuasive. As I previously ruled, a defendant who allegedly failed to adequately supervise or train a subordinate employee cannot be held liable unless the subordinate employee actually violated the plaintiff's constitutional rights. (Doc. No. 18 at 9). Patterson fails to show this ruling was incorrect and he is not entitled to pursue a claim for supervisory or municipal liability against Chambers Smith based upon her alleged failure to train.

Patterson also asserts I erred by "adjudicat[ing] facts that [were] not in the record before this court." (Doc. No. 20 at 7). He argues I impermissibly considered matters outside the record when I cited to the docket of his appeal before the Supreme Court of Ohio. (*Id.*). Again, Patterson's argument is not persuasive.

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court "may consider the Complaint and any exhibits attached thereto, <u>public records</u>, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added). "Court filings and docket entries are considered matters of public record which may be consulted in deciding a Rule 12(b)(6) motion."

2

*Grise v. Stewart Cnty. Sch. Sys.*, No. 3:21-CV-00058, 2021 WL 4864490, at *8 (M.D. Tenn. Oct. 19, 2021) (quoting *In re Gainey Corp*, Nos.11-8038, 08-09092, 10-80483, 2012 WL 3938521, at *13 (B.A.P. 6th Cir. 2012) (further citation omitted). The docket of the Supreme Court of Ohio is a matter of public record, and Patterson fails to show I erred by relying on it.

For these reasons, I deny Patterson's Rule 60(b) motion. (Doc. No. 20). Further, I certify, for the reasons set forth in this Order and pursuant to § 1915, that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge